[No. 37838.    Department One.    January 27, 1966.]

THOMAS WARD, *Appellant*, v. J. C. PENNEY COMPANY, *Respondent*.*

*Reported in 410 P.2d 614.

*Miracle, Treadwell & Pruzan,* for appellant.

*Ogden, Ogden, Roberts & Murphy,* by *Raymond D. Ogden, Jr.,* for respondent.

HUNTER, J.—This action was instituted by the guardian of a 5-year-old boy, Tommy Ward, to recover for injuries sustained by said minor while riding on defendant's escalator.

In the early evening of August 21, 1961, Tommy Ward and his older brother, age seven, and their mother visited the shoe department of defendant (respondent) J. C. Penney's downtown Seattle store. While their mother was being fitted with a pair of shoes, the two boys left and proceeded to the nearby escalator. One of defendant's employees testified that she twice warned the two boys to cease playing on the escalator, but they again returned where they continued to play without her knowledge.

At this point, the construction of the escalator becomes significant. This was the "Up" escalator unit, which consists basically of moving steps located between two immobile balustrades. On top of each balustrade is a black rubber handrail, which moves in a synchronized fashion with the steps. A metal track projects from the wall along each side of the escalator well. It is the function of these tracks to support a metal fire curtain, which can be extended horizontally along the tracks and vertically to the floor in order to shut off the escalator well to prevent the spread of fire. In 1948, when the escalator was installed, the Seattle Building Code required the use of such fire curtains. The

track in issue extends some 2.4 inches from the wall on the left as you ride up the escalator. The track runs horizontally, and it was in the space between it and the moving handrail that the boy's head was caught.

There was testimony to the effect that Tommy's older brother had ridden up the escalator by resting his body upon the handrail. Tommy apparently followed his brother by holding onto the handrail with both hands, his feet dangling, and his head resting in some manner upon and beyond the edge of the handrail. His head was caught and wedged tightly between the moving handrail and the projecting metal track, resulting in serious injuries to his face, mouth and throat.

The action was tried before a jury, which returned a verdict for defendant. Plaintiff's motion for judgment notwithstanding the verdict or in the alternative for a new trial was denied, and judgment was entered on the verdict. Plaintiff appeals.

Plaintiff first assigns error to the trial court's refusal to permit the introduction of expert testimony to the effect that safety engineers would recognize the juxtaposition of the moving handrail and the projecting metal track as a hazard.

■ The admissibility of expert opinion testimony has been and continues to be a troublesome problem. See, *e.g., Gerberg v. Crosby*, 52 Wn.2d 792, 329 P.2d 184 (1958), and authorities discussed therein. The briefs of both parties discuss the matter at length with numerous citations. A review of these authorities leads to the conclusion that the increasing complexity of our society requires a greater use of expert testimony, even concerning matters about which the trier of fact may have a general knowledge. Qualifying this increased use, as stated in Rule 401 of the Model Code of Evidence of the American Law Institute, and discussed in *Gerard v. Peasley*, 66 Wn.2d 449, 403 P.2d 45 (1965), and *Gerberg v. Crosby, supra,* at 799, "is whether the use of inferences, or opinions, in testifying will mislead the trier of fact to the prejudice of the objecting party." By

necessity, the trial court must be permitted a wide discretion in this matter, "even in those instances in which the reasons for admissibility or exclusion of opinion evidence are both fairly debatable, . . ." *Hill v. C. & E. Constr. Co.*, 59 Wn.2d 743, 746, 370 P.2d 255 (1962).

■ We do not find that the trial court abused its discretion in the instant case. The subject under inquiry was not so difficult as to *require* the admission of expert testimony. The actual mechanism of the escalator was not in issue. The key point was whether defendant was negligent in permitting the projecting metal track to be in such close proximity to the moving handrail. The jury did not require the assistance of expert opinion to make this determination, in view of the patent and obvious construction of the mechanism. The jury, moreover, was aided in its determination by a full-sized model of the escalator section in question (plaintiff's exhibit 1).

■ Plaintiff next contends the trial court erred in excluding proof that the Seattle Building Code requirement of a fire door, in effect when the escalator was installed, was discontinued before the date of the minor's injury. We find no merit in this contention, since the record clearly discloses that plaintiff's counsel waived his right to assign error to this exclusion of proof by agreeing that the court instruct the jury to ignore any reference to changes in the code. Neither does plaintiff's counsel indicate in any part of the record wherein he sought to modify his prior acquiescence.

■ Plaintiff finally contends that the trial court erred in failing to give plaintiff's requested instruction No. 9, on foreseeability. We disagree. The instruction stated:

> [T]he question is not whether the actual harm or the manner of its occurrence could have been expected. Instead, the question is whether the actual harm and manner of occurrence were within a general field of danger which should have been anticipated by the defendant as a common carrier.

In view of the other instructions given, plaintiff was not restricted in his argument to the jury by the trial court's

failure to give this instruction. In particular, the court's instruction No. 16 favorably set forth the basis upon which the plaintiff could argue his case. That instruction read:

In exercising its duty as a common carrier in the operation of its escalators, the defendant was bound by law to have known the normal characteristics of children, including their childish propensities.

This instruction highlights the very field of danger within which the injury occurred. Thus, the plaintiff was not prejudiced by the trial court's refusal to give his requested instruction No. 9.

The judgment is affirmed.

ROSELLINI, C. J., OTT and HALE, JJ., and COCHRAN, J. Pro Tem., concur.