[No. 11288-1-I. Division One. April 18, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY LESTER SHUCK, *Appellant.*

*Raymond H. Thoenig* and *Jonathan Cole* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda Walton, Deputy,* for respondent.

RINGOLD, J.—During March 1981, Larry Lester Shuck engaged in consensual sexual intercourse with two 14–year–

old girls, R. B. and L. M., on several occasions, and also took photographs of them engaged in explicit sexual conduct. Shuck paid the girls for posing for the pictures, which he told them would be sold outside of Washington. He now appeals the judgment and sentence entered following his conviction of two counts of statutory rape in the third degree (RCW 9A.44.090), one count of employing a minor to engage in sexually explicit conduct for commercial use (RCW 9.68A.020), and one count of promoting prostitution in the first degree (RCW 9A.88.070). Having been previously determined to be a habitual criminal, Shuck received concurrent life sentences on each count, pursuant to RCW 9.92.090. We affirm.

### SUFFICIENCY OF THE EVIDENCE

Shuck first contends that under the standard of *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980), he was erroneously convicted for statutory rape because no testimony was introduced as to his marital status or that of the victims. Absent such testimony, he argues, no rational trier of fact could find him guilty beyond a reasonable doubt.

The nonmarriage of a rapist and complainant may be proved by circumstantial evidence, like other material facts. *See State v. Dorrough,* 2 Wn. App. 820, 470 P.2d 230 (1970). The jury observed the two victims when they testified. Both girls were in the ninth grade at the time of trial. R. B.'s entire acquaintance with Shuck lasted only 1 month, she had a boyfriend of her own, and never spent the night at Shuck's house. L. M. also knew Shuck for only 1 month. This testimony, when viewed in the light most favorable to the State, *State v. Green, supra,* was more than sufficient to enable a rational trier of fact to infer beyond a reasonable doubt that Shuck was not married to either of the girls.

### CONSTITUTIONALITY OF RCW 9.68A.020

Shuck next contends that RCW 9.68A.020, a section of

the child pornography statute, RCW 9.68A,[1] is unconstitutionally overbroad on its face, arguing that it encompasses activities protected under the First Amendment. He argues that the preparation of educational materials depicting nonobscene adolescent sex falls within the ambit of the statute.

In *New York v. Ferber,* ___ U.S. ___, 73 L. Ed. 2d 1113, 102 S. Ct. 3348 (1982), the United States Supreme

---

[1]RCW 9.68A, entitled "Child Pornography," provides in relevant part:

"9.68A.010 Definitions. Unless the context clearly requires otherwise, the definitions in this section apply throughout this chapter.

"(1) 'Commercial use' means to sell, barter, trade, or otherwise exchange for consideration.

"(2) 'Minor' means a person under the age of eighteen years.

"(3) 'Photograph' means to make a print, negative, slide, motion picture, videotape, or other mechanically reproduced visual material.

"(4) 'Erotic fondling' means the touching of a person's clothed or unclothed genitals, pubic area, buttocks, or a female breast area for the purpose of sexual stimulation or gratification of the audience.

"(5) 'Sexually explicit conduct' means actual or simulated:

"(a) Sexual intercourse, including genital–genital, oral–genital, anal–genital, or oral–anal, whether between persons of the same or opposite sex;

"(b) Bestiality;

"(c) Masturbation;

"(d) Sado–masochistic abuse for the purpose of sexual stimulation;

"(e) Erotic fondling; and

"(f) Lewd exhibition of the male or female genitals or buttocks, or female breasts.

"(6) Visual or printed matter means any film, photograph, negative, slide, motion picture, video tape, book, magazine, or other mechanically reproduced visual or printed material.

"9.68A.020 Employing, using, etc., or permitting minor to engage in sexually explicit conduct for commercial use—Class B felony—Defense. A person who:

"(1) Knowing that such conduct will be photographed or displayed for commercial use, employs, uses, persuades, induces, entices, or coerces a minor to engage in sexually explicit conduct; or

"(2) Being a parent, legal guardian, or person having custody or control of a minor, knowingly permits the minor to engage in sexually explicit conduct, knowing that the conduct will be photographed or displayed for commercial use; is guilty of a Class B felony.

"In a prosecution under this chapter, it is not a defense that the defendant did not know the victim's age: *Provided,* That it is a defense, which the defendant must prove by a preponderance of the evidence, that at the time of the offense the defendant reasonably believed the alleged victim to be at least eighteen years of age based on declarations by the alleged victim."

Court upheld a New York state statute,[2] similar to the child pornography statute at issue here, against an over-breadth challenge under the First Amendment. The Court held that a state has wider latitude to proscribe child pornography than other types of pornography because of the state's compelling interest in safeguarding the well–being of minors and that child pornography was not entitled to full First Amendment protection. The Court further held that the fact that the New York statute could be construed to proscribe serious literary, scientific, or educational works did not make it unconstitutionally overbroad, under the substantial overbreadth rule of *Broadrick v. Oklahoma,* 413 U.S. 601, 37 L. Ed. 2d 830, 93 S. Ct. 2908 (1973).

*Ferber* makes clear that the Washington child pornography statute does not run afoul of the First Amendment, given the overriding governmental concern for the physiological, emotional, and mental health of the children involved. 102 S. Ct. at 3355. RCW 9.68A is thus not overbroad on its face. Nor does the statute reach the level of "substantial overbreadth" in its potentially impermissible applications. *Broadrick v. Oklahoma, supra.* Shuck does not argue that his conduct was such as to make the statute overbroad as applied to him. His constitutional challenge is unpersuasive.

### DENIAL OF MOTION FOR NEW TRIAL

Shuck next contends that the trial court erred in denying his motion for a new trial based on newly discovered evi-

---

[2] New York Penal Law § 263.15 (McKinney 1980) provides,

"A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he produces, directs or promotes any performance which includes sexual conduct by a child less than sixteen years of age."

"Sexual conduct" is defined in section 263.00(3):

"'Sexual conduct' means actual or simulated sexual intercourse, deviate sexual intercourse, sexual beastiality, masturbation, sado–masochistic abuse, or lewd exhibition of the genitals."

"Promote" is defined in section 263.00(5):

"'Promote' means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same."

dence, consisting of an affidavit by R. B. that she lied on the stand when she testified that she had told Shuck she was only 14.

It is unclear just how R. B.'s recantation might change the result of the trial or give Shuck a defense to the charges against him. The mere fact that she may not have told him she was 14 years old does not provide a defense; she must have also made declarations to the effect that she was over 18, RCW 9.68A.020, or over 16, RCW 9A.44.090; RCW 9A.44.030(2). There is no evidence proffered of such declarations. Shuck's alleged belief that R. B. was of legal age is immaterial to the establishment of a defense.

■ A new trial will not be granted on grounds of newly discovered evidence

> unless the moving party demonstrates that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; *and* (5) is not merely cumulative or impeaching.

*State v. Williams,* 96 Wn.2d 215, 223, 634 P.2d 868 (1981); CrR 7.6(a)(3). Where there is independent evidence which corroborates the testimony which a witness later seeks to recant, the grant of a new trial rests within the sound discretion of the trial judge. *State v. Rolax,* 84 Wn.2d 836, 529 P.2d 1078 (1974); *State v. Hayden,* 28 Wn. App. 935, 627 P.2d 973 (1981). In this case, it is uncontroverted that Shuck knew R. B. to be a schoolmate of his 13–year–old daughter. A police officer testified that Shuck told him he had told the photographer that the girls were underage. The trier of fact, and the trial court, had the benefit of seeing R. B. testify.

In denying the motion for new trial, the trial court said, "Considering the plethora of evidence presented at trial indicating Mr. Shuck's guilt, I am convinced the evidence clearly could not have changed the result of the trial, using the reasonable doubt standard." The trial court did not

abuse its discretion in denying the motion. *State v. Hayden, supra.*

## GENERAL AND SPECIFIC STATUTES

Finally, Schuck contends that he was improperly charged with and convicted of promoting prostitution in the first degree. He argues that the child pornography statute is a specific statute proscribing the same conduct as the promoting prostitution statute, which is a general statute.

■ Where general and special laws are concurrent, the special law applies to the exclusion of the general. *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979). Where the elements of the crimes differ, however, and the Legislature has provided guidelines for charging by specifying differing elements, the *Cann* rule does not apply and the prosecutor may exercise informed discretion as to which of two offenses to charge for the same conduct. *State v. Darrin,* 32 Wn. App. 394, 647 P.2d 549 (1982); *State v. Cain,* 28 Wn. App. 462, 624 P.2d 732 (1981).

■ Here the two laws address different evils and have different elements. Promoting prostitution proscribes engaging in conduct designed to aid an act of prostitution, that is, sexual conduct with another person in return for a fee. RCW 9A.88.070; RCW 9A.88.060; RCW 9A.88.030. The child pornography statute is designed to prevent that which its name suggests: photographing or displaying sexually explicit conduct by minors. Neither statute is a "general" statute. *See State v. Darrin, supra.* The prosecutor did not abuse her discretion in charging the offense warranted by the available evidence.

The judgment and sentence are affirmed.

SWANSON and SCHOLFIELD, JJ., concur.