[No. 5087-4-III.   Division Three.   July 12, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. BRUCE
ROCKY RHOADS, *Appellant.*

*Robert G. Eisele,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Patricia Thompson, Deputy,* for respondent.

ROE, C.J.—Bruce Rocky Rhoads was convicted of first degree rape. His appeal presents three issues.

■■ First, Rhoads contends the State failed to prove he was not married to the victim, which is one of the elements of first degree rape. RCW 9A.44.040.[1] The test on review is whether any rational trier of fact could have found the essential element of a crime beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Although the prosecutor failed to ask whether the victim was married to Rhoads, we find the record contains sufficient evidence to support the conclusion they were not married. The victim's testimony indicates she did not know Rhoads. One of the residents of a mobile home, where she fled after the incident, testified the victim had said a man she did not know chased her car off the road. Both residents said the young woman shouted, "That's him", when Rhoads approached the trailer for help with his car. The other resident said the victim expressed relief she was still a virgin. All of this testimony supports the conclusion that not only was the victim not married to Rhoads, but she did not even know him.[2]

---

[1] RCW 9A.44.040 was amended by Laws of 1983, ch. 118, § 1, p. 583, effective July 24, 1983. The Legislature eliminated from the statute the words "not married to the perpetrator".

[2] "The nonmarriage of a rapist and complainant may be proved by circumstantial evidence, like other material facts." *State v. Shuck,* 34 Wn. App. 456, 458, 661 P.2d 1020 (1983).

Parenthetically, we note this issue was recently discussed in *State v. Chavis*, 31 Wn. App. 784, 644 P.2d 1202 (1982) (Roe, J., dissenting). We find it difficult to understand why the prosecutor did not simply ask this important question of the complaining witness rather than give grounds for an appeal and resort to inferences and conclusions from circumstantial evidence.

■ Rhoads next suggests he was denied effective assistance of counsel. The right to counsel means the right to effective counsel. *State v. Myers*, 86 Wn.2d 419, 545 P.2d 538 (1976). The test on review is whether, after considering the entire record, it can be said the accused was afforded effective representation. *State v. Ermert*, 94 Wn.2d 839, 621 P.2d 121 (1980). This test has two phases. First, was effective counsel denied? Second, was the denial prejudicial? *State v. Johnson*, 29 Wn. App. 807, 631 P.2d 413, *review denied*, 96 Wn.2d 1009 (1981).

Here, Rhoads argues he was denied effective counsel because his own attorney asked if he was married at the time of trial, thus providing "the very evidence necessary to convict." This testimony is not as critical as Rhoads contends. First, there is sufficient evidence from other sources to support the conclusion Rhoads and the victim were not married. Second, the issue is not whether Rhoads and the victim were married at the time of trial, some 16 weeks after the incident, but whether they were married when the incident occurred. His unmarried status at the time of trial was irrelevant as to the date of the crime. It was brought out to show he had a girlfriend, not to assist the prosecutor. The question was not improper or the answer prejudicial. We find Rhoads was not denied effective assistance of counsel.

Rhoads' final assignment of error concerns the admission of a prior conviction for impeachment. ER 609(a), which governs admissibility of prior convictions for impeachment, provides:

**General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted

of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Here, ER 609(a)(1) is the applicable portion of the rule because the prior conviction was for assault, which is not a crime involving dishonesty or false statement. Admission of prior conviction under ER 609(a)(1) is discretionary with the court, *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980), and will not be disturbed absent a clear showing of abuse. *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981).

Some other factors that may be considered in weighing probative value of credibility against potential prejudice include: (1) the length of the defendant's criminal record; (2) remoteness of the prior conviction; (3) nature of the prior crime; (4) the age and circumstances of the defendant; (5) centrality of the credibility issue; and (6) the impeachment value of the prior crime.

*State v. Alexis, supra* at 19. *State v. Thompson, supra,* stated it was not necessary for the trial judge to state reasons for admission of prior convictions. *See also State v. Barringer,* 32 Wn. App. 882, 886, 650 P.2d 1129 (1982); *State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728 (1982). *Contra, State v. Moore,* 29 Wn. App. 354, 364, 628 P.2d 522, *review denied,* 96 Wn.2d 1003 (1981). But in *Thompson,* at page 893, the trial court, in ruling, did state that the probative value outweighed the prejudicial effect and that it would be probative of credibility only and the jury would be so instructed. Here it is impossible to determine whether the trial court considered the six factors or declared the probative value outweighed the prejudicial effect because there is no record of the bench conference concerning the admissibility of a prior conviction. Without a record we

cannot review the trial court's discretion. Division One, when presented with an inadequate record, remanded a case for consideration of the *Alexis* factors. *Moore.* We would hope there would be some definitive law outlining precisely what the trial court must find and conclude to satisfy the requirements of ER 609(a)(1). We need not remand here because we find, even if the court abused its discretion, the error was harmless.

■■ The admission of evidence of a prior crime is not of constitutional magnitude; the test on review is whether, within reasonable probabilities, the outcome of the trial would have been materially affected if the error had not occurred. *State v. Robtoy,* 98 Wn.2d 30, 653 P.2d 284 (1982). Two factors weighed strongly against admission. First, Rhoads' credibility was very important. Second, the crime charged was similar to the prior crime. On the other hand, the crimes were certainly not identical as urged by Rhoads. He testified at great length.[3] The jury instructions included one limiting the use of the prior conviction. His credibility was already damaged during cross examination when he had to explain why he lied to the sheriff at the scene. Finally, the prosecution did not mention the prior conviction during closing argument. We cannot say the outcome of the trial would have been materially affected had the evidence not been permitted. Therefore, the error, if any, was harmless.

The judgment of the trial court is affirmed.

GREEN, J., concurs.

---

[3]Rhoads testified he followed the woman's car because he thought he knew the driver. Yet, when the car did not proceed in the direction of the driver's house, he continued to follow it for some distance. He further testified he realized it was not his friend only after he opened the driver's door and started to sit in the car. He said they got out of the car and he put his arm around the woman, even though she was not his friend. He testified they fell in a ditch and he accidentally hit her with his elbow. Although she screamed several times and then said her car was going to overheat, he decided to leave her alone at the scene.

When questioned by a sheriff at the scene, he had said he was not with a girl that night and knew nothing about a girl injured near there.

McINTURFF, J. (dissenting)—The majority acknowledges there is an inadequate record to review the admission of Mr. Rhoads' prior conviction but states the error, if any, is harmless. I agree there is an insufficient record. However, I do not agree the admission was harmless. Accordingly, I dissent.

Over defense counsel's objection, the following exchange occurred:

Q. [By the prosecutor] Have you ever been convicted of a crime?
A. [By Mr. Rhoads] Not in Washington, no.
Q. Where?
A. I was convicted in California of a crime on a plea bargain.
Q. What was the crime that you were convicted of?
A. I was convicted of a criminal penal code 240224 which is assault and battery.
Q. When did that take place?
A. I don't know the exact date. Probably four years ago or so.

The record does not disclose the trial court's reasoning in allowing the State to use the prior conviction. There is nothing to indicate the six factors of *State v. Alexis,* 95 Wn.2d 15, 19, 621 P.2d 1269 (1980) were considered. There is not even a conclusory statement that the probative value of the prior conviction outweighs its prejudicial effect. We cannot review what we do not have. This case should be remanded for a hearing on the admissibility of the prior conviction. *State v. Moore,* 29 Wn. App. 354, 628 P.2d 522, *review denied,* 96 Wn.2d 1003 (1981).

Furthermore, I disagree with the majority's conclusion that any error resulting from the admission of Mr. Rhoads' prior conviction was harmless. Mr. Rhoads was charged with first degree rape. The incident occurred on an isolated stretch of county road. The complaining witness testified Mr. Rhoads pulled her out of her car, struck her in the face,

pushed her into a ditch, and forced her to engage in oral sex. On the other hand, Mr. Rhoads testified the two of them were examining her car when they both tripped, fell into the ditch, and his elbow struck her in the face. The crucial role of the jury was accurately explained by the prosecutor in her closing argument:

> You are the judges of the credibility of the witnesses. You saw them here in court and you saw how they testified. You saw their demeanor, how they were, how they sounded, the reasonableness of their testimony based upon the evidence as supports their testimony. Look to that and go and involve yourselves with the evidence and the testimony before you.

Into this delicate mix of evidence, the State was allowed to thrust Mr. Rhoads' prior conviction of assault and battery. The jury may have placed considerable weight on Mr. Rhoads' prior conviction due to the similarity between it and the crime charged.

The prejudicial effect of a prior conviction was discussed in *State v. Nass*, 76 Wn.2d 368, 371, 456 P.2d 347 (1969):

> It is obvious that evidence of former convictions is so prejudicial in its nature that its tendency to unduly influence the jury in its deliberations regarding the substantive offense outweighs any legitimate probative value it might have in establishing the probability that the defendant committed the crime charged.

The harmless error test to be applied here is whether there is a reasonable probability the outcome of the trial could have been materially different had the error not occurred. *State v. Robtoy*, 98 Wn.2d 30, 44, 653 P.2d 284 (1982). I am unable to conclude that the outcome of the trial would not have been materially different had the error not occurred.

I concur in the majority's request to the Supreme Court for guidance regarding what the trial court must find and conclude to satisfy ER 609(a)(1). However, where the trial

346

court has made no record at all, the case should be remanded for a proper hearing.

Reconsideration denied September 28, 1983.

Review granted by Supreme Court December 16, 1983.