[No. 50046–1. En Banc. May 10, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. BRUCE ROCKY RHOADS, *Petitioner.*

530

*Robert G. Eisele,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Patricia A. Thompson, Deputy,* for respondent.

STAFFORD, J.—Petitioner Bruce Rhoads was convicted of first degree rape. The Court of Appeals affirmed the conviction. *State v. Rhoads,* 35 Wn. App. 339, 666 P.2d 400 (1983). The petition for review raises three issues: First, Rhoads challenges the sufficiency of the evidence to support his conviction. We find the evidence sufficient. Second, he asserts the trial court erred in failing to make a record of its reasons for admitting a prior conviction under ER 609(a). We find no error. Finally, Rhoads contends he was denied effective assistance of counsel. We reject this contention.

Rhoads was charged by information with first degree

rape. At trial, the victim testified that Rhoads followed her car, blinking his car's headlights and attempting to force her off the road. The victim continued driving. When she believed she had lost Rhoads' car, she pulled over to determine whether her car had been damaged. Rhoads also pulled over, approached the victim, dragged her from her car, and beat her. He then pushed her into a ditch and forced her to have oral sex with him. An expert witness testified he found sperm cells in the victim's saliva sample.

Rhoads took the stand and denied the rape. He testified that he followed the victim's car because he thought she was an acquaintance. According to him, as he was walking with the victim around her car, they tripped and fell into a ditch. As they fell, his elbow struck her. Rhoads stated that he then returned to his car. As he backed up to depart, his car became stuck in a ditch. He was subsequently apprehended at the scene.

During the State's cross examination of Rhoads, and over a defense objection, the prosecutor developed evidence of a prior conviction for assault and battery. The court instructed the jury that it should consider the prior conviction solely "as it may or may not affect the credibility of the defendant . . . and for no other purpose". Instruction 12.

The jury found Rhoads guilty as charged. The Court of Appeals affirmed. We likewise affirm.

I

■ We first address petitioner's challenges to the sufficiency of the evidence of both nonmarriage and sexual intercourse. In reviewing the sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime had been established beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

■ At the time of trial, RCW 9A.44.040 provided that nonmarriage of the perpetrator and the victim was an ele-

ment of first degree rape.[1] The prosecuting attorney failed to ask the victim whether she was married to the petitioner. Nevertheless, the nonmarriage of a rapist and the complaining victim, like other elements of a crime, may be proved by circumstantial evidence. *State v. Shuck*, 34 Wn. App. 456, 661 P.2d 1020 (1983). The testimony of several witnesses, including the victim, supports a conclusion that the victim did not know Rhoads. Consequently, there was sufficient evidence of nonmarriage.

Petitioner also asserts the victim's statement following the rape, that she was "still a virgin", indicates there was no evidence of sexual intercourse. The court instructed the jury, however, that sexual intercourse includes oral–genital contact. There was sufficient evidence such contact had occurred.

## II

Petitioner claims the trial court erred in permitting the State to impeach his credibility with evidence of his prior conviction. ER 609(a).[2] The following cross examination forms the basis of Rhoads' challenge:

[Prosecutor]: Mr. Rhoads, have you ever been convicted of a crime?
[Defense Counsel]: Objection.
 (Bench conference held—reporter not requested)
THE COURT: He may answer the question.
[Prosecutor]: Have you ever been convicted of a crime?
[Defendant]: Not in Washington, no.
[Prosecutor]: Where?

---

[1]In 1983, the Legislature amended the first degree rape statute, abolishing the nonmarriage element. Laws of 1983, ch. 118, § 1, p. 582.

[2]ER 609(a) provides:
"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment."

[Defendant]: I was convicted in California of a crime on a plea bargain.
[Prosecutor]: What was the crime that you were convicted of?
[Defendant]: I was convicted of a criminal penal code 240224 which is assault and battery.
[Prosecutor]: When did that take place?
[Defendant]: I don't know the exact date. Probably four years ago or so.

Report of Proceedings, at 145–46.

ER 609(a) establishes two categories of prior convictions which may be admitted to impeach a defendant's credibility as a witness. Under ER 609(a)(2), a prior conviction is automatically admissible if it involves a crime of "dishonesty or false statement." *See State v. Burton,* 101 Wn.2d 1, 676 P.2d 975 (1984). Since assault and battery is not a crime involving dishonesty or false statement, however, its admissibility is governed by ER 609(a)(1). Under ER 609(a)(1), a prior felony conviction is admissible if the trial court determines the probative value of admitting the evidence outweighs its prejudicial effect.

Petitioner contends the trial court erred because it failed to make a record of its reasons for ruling the prior conviction admissible. In *State v. Thompson,* 95 Wn.2d 888, 893, 632 P.2d 50 (1981), we held: "It is not necessary that the trial judge state his or her reasons for so ruling." Thus, under *Thompson,* the trial court's failure to make such a record is not error. On the day of oral argument in the instant case, however, *State v. Jones,* 101 Wn.2d 113, 677 P.2d 131 (1984) was filed. In *Jones,* we departed from our previous ruling in *Thompson,* and held that "a trial court must state, for the record, the factors which favor admission or exclusion of prior conviction evidence." *Jones,* at 122. Thus, resolution of this case depends upon whether the holding in *Jones* applies to this appeal.

In the past, we have applied a number of different rules in determining whether a particular decision should operate retrospectively or prospectively. Our most recent discussions of retroactivity are found in *State v. Darden,* 99

Wn.2d 675, 663 P.2d 1352 (1983) and *State v. Pam,* 98 Wn.2d 748, 659 P.2d 454 (1983). In *Darden,* we found retroactivity analysis inapplicable; in *Pam,* we adopted a new approach for those retroactivity questions not clearly controlled by existing precedent. These cases provide a suitable starting point for our analysis.

In *Darden,* we held the interpretation of former CrR 3.3 announced in *State v. Edwards,* 94 Wn.2d 208, 616 P.2d 620 (1980) applied to a case which was tried prior to the *Edwards* decision. We reasoned that *Edwards* was not a "new" procedural rule to which the traditional retroactivity analysis might be appropriately applied; rather, it was merely a judicial interpretation of an existing court rule. Consequently, we held the *Edwards* construction was to be read into the court rule as if that construction had been originally written into the rule. *Darden,* at 679. This result was reached by reliance upon rules of statutory construction rather than retroactivity analysis.

*State v. Pam, supra,* adopted the retroactivity approach set forth in *United States v. Johnson,* 457 U.S. 537, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982). In *Johnson,* the Supreme Court adopted a new test for Fourth Amendment decisions which are not clearly controlled by existing retroactivity precedent. The Court stated that, under existing precedent, retroactivity questions in three categories of cases have been effectively determined through application of a threshold test. First, when a decision merely applies settled principles of law to a new set of facts, the rule of the later case applies in earlier cases. Second, where the Court has declared a rule of criminal procedure to be a clear break with the past, the new principle generally is not retroactive. Third, the Court has recognized full retroactivity as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal.

The *Johnson* Court concluded that where a new Fourth Amendment decision falls outside these three categories, it should be applied to all cases pending on direct appeal when the new decision was issued. While *Johnson* was lim-

ited in scope to Fourth Amendment cases, *Pam* applied the *Johnson* analysis outside the Fourth Amendment area. Consequently, in *Pam,* we held the rule announced in *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980), requiring the State to prove beyond a reasonable doubt that a defendant was armed with an actual deadly weapon, applied to all convictions not yet final at the time *Tongate* was decided.

 Applying these decisions to the instant case, we conclude *State v. Jones, supra,* is neither retroactive nor a judicial clarification of an existing rule. Rather, the requirement that a trial court make a record is a new procedural rule, wholly separate from ER 609(a), which seeks to assure that the trial court will perform the necessary balancing and to provide an aid to appellate courts in reviewing the trial court's exercise of discretion. As such, *Jones* constitutes a "clear break with the past". Prior to *Jones,* both trial courts and the Court of Appeals justifiably relied upon our statement in *Thompson* that the trial judge need not state, on the record, any reasons for the admission or exclusion of a prior conviction. Accordingly, *Jones* is not retroactive and the trial court committed no error when it failed to state, on the record, its reasons for admitting petitioner's prior conviction.

### III

Petitioner argues he was denied effective assistance of counsel in several respects. At trial, defense counsel asked Rhoads whether he was married. Rhoads asserts that his attorney thereby assisted the State in proving the nonmarriage element. This argument is without merit. The question before the jury was whether Rhoads was married to the victim *at the time of the rape,* not whether Rhoads was married *at the time of trial.* Further, as noted above, there was other sufficient circumstantial evidence of nonmarriage.

Second, Rhoads argues he was denied effective assistance because his attorney failed to make a record at trial of the factors relevant to the admissibility of evidence of the prior

conviction. At the time of trial, however, *Thompson*'s holding controlled. Thus, defense counsel's failure to assure a record was made does not constitute ineffective assistance of counsel.

Petitioner's conviction is affirmed.

WILLIAMS, C.J., and ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied August 7, 1984.