[No. 36773-1-I.    Division One.    April 28, 1997.]

THE STATE OF WASHINGTON, *Petitioner,* v. KATHLEEN A. GLENN, *Respondent.*

*James H. Krider, Prosecuting Attorney,* and *Kenneth A. Schiffler, Deputy,* for petitioner.

*Eric J. Nielsen* and *Nielsen & Acosta,* for respondent.

AGID, J. — The Snohomish County Superior Court reversed Kathleen Glenn's conviction for driving while intoxicated, ruling that she received ineffective assistance of counsel. The Rule 9 intern who represented her successfully moved to suppress a .07 BAC DataMaster test result and failed to object to a question on cross examination regarding the veracity of another witness. The superior

court believed it should not apply the usual presumption that counsel was effective to a Rule 9 intern. We hold that where the defendant presents no evidence that Rule 9 was violated, the presumption does apply. Because counsel's decisions were reasonable tactical choices, we conclude Glenn received effective assistance of counsel. We therefore reinstate her conviction and remand to the District Court for sentencing.

## FACTS

Around 7:30 p.m. on June 3, 1994, Kathleen Glenn and a friend, Norman Hein, met at a tavern in Snohomish County to play darts. About three hours later, after playing six games of darts, they decided to drive to a restaurant for dinner. Hein followed Glenn in a separate car. When they drove onto the freeway, Glenn merged into traffic behind a small pickup truck and in front of a Washington State Patrol car, and Hein merged behind the patrol car. They drove for about two miles on the freeway and then exited. As Glenn parked her car in the restaurant parking lot, the trooper, who had followed her off the freeway, stopped her. According to the trooper, Glenn was driving just half a car length behind the pickup truck for several hundred feet after merging onto the freeway, weaving continuously within her own lane of travel, and signaled her intention to exit from the freeway so abruptly that her vehicle jerked right onto the off-ramp. The trooper administered field sobriety tests in the parking lot and concluded, based on Glenn's inability to successfully perform all the tests, that she was obviously impaired by alcohol. He then administered a portable breath test to determine her blood alcohol level, which showed her blood alcohol at .11. Based on his observations, the trooper arrested Glenn for driving while intoxicated and took her to the Lynnwood Police Station. After speaking with an attorney, Glenn agreed to take another breath test. The result of that test, administered on a BAC DataMaster machine, was .07.

Glenn was charged with driving while intoxicated in Snohomish County District Court and arraigned on June 20, 1994. The Snohomish County Public Defender Association filed a notice of appearance which stated that Peter Mazzone, a law student admitted to limited practice under Admission to Practice Rule 9, would represent Glenn. On August 4, Mazzone filed pretrial motions to suppress both the field sobriety tests and the result of the BAC Data-Master test. On August 16, Mazzone appeared on Glenn's behalf to argue the motions. The district court granted his motion to suppress the portable breath test but, at the State's request, reserved ruling on the motion to suppress the BAC DataMaster test. The court also granted the State's request to continue trial from August 26 to September 16 because the trooper was unavailable due to a medical emergency. The defense did not object to that motion.

Lorraine Nightingale, an attorney with the Snohomish County Public Defender Association, appeared on Glenn's behalf when the hearing on the pretrial motions resumed on September 6. Nightingale noted that the court had reserved ruling on the motion to suppress the result of the BAC DataMaster test and cited an additional case to support the motion. The State then stipulated to suppression of the .07 BAC DataMaster test result, and the court granted the motion on that basis. After hearing testimony and argument on the motion to suppress the field sobriety tests, the court denied that motion.

On September 16, the date set for trial, Nightingale again appeared on Glenn's behalf and requested that trial be continued to the following Tuesday so that Mazzone could represent Glenn at trial. The court granted the request and the case went to trial on September 20. On direct examination, Glenn testified that she had consumed only two beers, contradicting the trooper who testified that Glenn told him she had consumed three beers. The prosecutor asked Glenn on cross examination whether the trooper "just made up the three part." The defense did

not object, and Glenn replied that she had not said "three." At the conclusion of trial, the jury found Glenn guilty of driving while intoxicated.

Glenn filed a notice of RALJ appeal in Snohomish County Superior Court on September 28, 1994. Prior to hearing the appeal, the court asked the Snohomish County Public Defender Association to submit an affidavit addressing the extent of Mazzone's trial experience and supervision in order to determine whether the requirements of Rule 9 had been met. The affidavit submitted in response to the court's request stated that Mazzone had previously tried seven cases to a jury and five to the bench and that Mazzone was supervised when he tried the first of each. After oral argument, the superior court ruled that the presumption that counsel rendered adequate assistance did not apply "because a Rule 9 intern is not a licensed attorney and lacks experience." The superior court then concluded that the successful motion to suppress the .07 BAC DataMaster result, together with the failure to object to the prosecutor's question on cross examination, constituted ineffective assistance of counsel.[1] The court therefore remanded the case for a new trial. We granted discretionary review and reverse.

## DISCUSSION

### I. Presumption of Effective Assistance

■ ■ A defendant receives ineffective assistance of counsel if the complained-of attorney conduct (1) falls below a minimum objective standard of reasonable attorney conduct, and (2) there is a probability that the outcome would be different but for the attorney's conduct. *State v. Benn*, 120 Wn.2d 631, 663, 845 P.2d 289 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)), *cert. denied*, 510 U.S.

---

[1]Glenn does not challenge the court's ruling that the continuance granted on August 16, 1994, to September 16, 1994, was within the speedy trial rule because the trooper, a necessary witness for the State, was unavailable due to a medical emergency.

944 (1993). To establish that counsel's performance was deficient, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. King*, 130 Wn.2d 517, 531, 925 P.2d 606 (1996) (quoting *Strickland*, 466 U.S. at 687). To establish that the deficient performance prejudiced the defense, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial." *King*, 130 Wn.2d at 531 (quoting *Strickland*, 466 U.S. at 687). A defendant is denied his right to a fair trial when the result has been rendered unreliable by a breakdown in the adversary process. *King*, 130 Wn.2d at 531. There is, however, a strong presumption that counsel has rendered adequate assistance and has made all significant decisions in the exercise of reasonable professional judgment. *Benn*, 120 Wn.2d at 665. For this reason, if defense counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim that the defendant did not receive effective assistance of counsel. *Benn*, 120 Wn.2d at 665.

The presumption that counsel was adequate arises from a concern that courts not "interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 689. For this reason, the Supreme Court held that judicial scrutiny of counsel's performance must be highly deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Strickland*, 466 U.S. at 689 *quoted in Benn*, 120 Wn.2d at 663.

Rule 9 establishes standards and supervision requirements for law students admitted to limited practice

under its provisions. Our Supreme Court has held that, when Rule 9 is complied with, a defendant receives legal assistance sufficient to comply with the requirements of both the federal and the state constitutions. *Seattle v. Ratliff*, 100 Wn.2d 212, 218, 667 P.2d 630 (1983). Accordingly, when a Rule 9 intern is properly supervised under the requirements of the rule, there is no reason not to apply the presumption that his or her assistance was effective. Compliance with the rule means that the safeguards imposed to assure that the defendant is provided with effective assistance were in effect.

Here, there is no basis for concluding that the Public Defender did not comply with the requirements of Rule 9. First, the notice of appearance clearly states that Mazzone is a Rule 9 intern. Second, the written motion, while signed by Mazzone, lists Karen Halverson as the attorney of record. In addition, it was Lorraine Nightingale, an attorney for the Public Defender's Office, and not Mazzone, who was representing Glenn at the time the court made its ruling on her argument on the motion to suppress the .07 BAC DataMaster test result. While it is true that the record does not expressly reflect that the supervising attorney required under APR 9(c)(6) was present during each of the pretrial hearings, Glenn offered no evidence to show that a supervising attorney was not present. Nor did she show that the District Court routinely noted the presence of a supervising attorney on the record. Absent this evidence, we cannot assume that the lack of any indication about the presence of a supervising attorney means that none was present. Similarly, while Nightingale did refer to Mazzone as "Glenn's former attorney" when she moved to continue the jury trial, she also stated that the reason for his unavailability was that he was in school at the University of Puget Sound and was only available on Tuesdays. Thus, even though the record does not expressly reflect that Glenn was informed of Mazzone's status as a Rule 9 intern as required by APR 9(c)(2), she has not

established that she was unaware that he was still a student.[2]

In short, we cannot conclude from this record that the requirements of Rule 9 were not complied with, and we will not assume noncompliance with the Rule.[3] We therefore apply the presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *See Benn*, 120 Wn.2d at 665.

## II. Ineffective Assistance of Counsel

■ We also conclude that Glenn received effective assistance of counsel. First, the record reflects that Mazzone had previously tried seven cases to the bench and/or a jury. He thus had a significant amount of experience in trial work. Second, each of the decisions Glenn challenges were reasonable tactical decisions. The .07 BAC Data-Master test result fell short of the .10 which the State is required to prove under RCW 46.61.502 and was, therefore, exculpatory to the extent it tended to show that Glenn was less drunk than necessary to violate state law. But it was also inculpatory in that it tended to show that Glenn had more than the number of beers she claimed to have had, thus undermining the credibility of her testimony. Under the circumstances, an attorney could reasonably decide that Glenn was better off with the testimony of her friend, Hein, who corroborated her own testimony that she had only two beers and that her driving was not erratic. Finally, we note that attorney Nightingale appar-

---

[2]In a declaration filed by Glenn's attorney in the RALJ appeal, he makes the statement that "[a]t the time of trial, and prior to trial, Mr. Mazzone had no recollection of ever advising [Glenn] of his status as an intern practicing in a limited capacity under APR 9, as required by APR 9(c)(2), nor did any other person, to his knowledge, in his presence, advise [Glenn] of his status as an intern practicing in a limited capacity under APR 9." We decline to rely on this declaration since the information was not obtained by the declarant but was reported to the declarant by a third person.

[3]We do suggest that the court and counsel could avoid problems like this one if they adopted a procedure or form to reflect that the disclosure and supervision requirements of Rule 9 have been met.

ently concurred in Mazzone's decision because she argued the motion to the trial court. As such, the decision to suppress the BAC DataMaster test result was not unreasonable.

Nor was Mazzone's failure to object to the question asked of Glenn on cross examination as to whether the trooper had "made up" his testimony about a number of beers ineffective. First, it did not provoke a response from the defendant that was a comment on the trooper's credibility and was not revisited or repeated in questioning or argument. As such, it had minimal if any prejudicial effect. *See State v. Casteneda-Perez*, 61 Wn. App. 354, 364, 810 P.2d 74, *review denied*, 118 Wn.2d 1007 (1991). Second, defense counsel could legitimately have made a tactical decision in light of Glenn's response to let the improper question pass rather than calling added attention to the apparent discrepancy in his client's statements about the amount of beer she had had to drink.

We reinstate Glenn's conviction and remand for sentencing.

BAKER, C.J., and WEBSTER, J., concur.

Review denied at 134 Wn.2d 1003 (1998).