[No. 20971-7-III. Division Three. May 1, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL R. KRUGER, *Appellant*.

686

*Cece L. Glenn*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

SWEENEY, J. — Effective assistance of counsel includes a request for pertinent instructions which the evidence supports. *State v. Finley*, 97 Wn. App. 129, 134, 982 P.2d 681 (1999). Here, there was ample evidence that Daniel Kruger was drunk when he "head butted" a police officer. Nonetheless, his lawyer did not ask for a voluntary intoxication instruction. And since we cannot say that the result would have been the same with or without the instruction, we reverse and remand for a new trial.

## FACTS

Daniel R. Kruger showed up at Jennifer Kuntz's house drunk. Mr. Kruger was obnoxious and rude to Ms. Kuntz. So Ms. Kuntz asked him to leave. Mr. Kruger called her names and refused to leave. Ms. Kuntz called the police.

Spokane Police Officer Joseph Pence responded. Officer Pence tried to speak to Mr. Kruger. Mr. Kruger walked away. Officer Pence followed. He asked Mr. Kruger to stop. Mr. Kruger went to the side entrance of the house and tried to open the door. Officer Pence tapped Mr. Kruger on the shoulder and asked Mr. Kruger to step off the porch.

Mr. Kruger attempted to strike the officer with a beer bottle. A struggle ensued. Officer Pence used various techniques to control Mr. Kruger. Mr. Kruger took a wrestling-type stance and "head butted" the officer.

Officer Tracy Meidl arrived. Both officers attempted to subdue Mr. Kruger. Pepper spray had little effect on Mr. Kruger. This is usually the case when one is highly intoxicated. Report of Proceedings (RP) at 46-47. The officers eventually subdued and handcuffed Mr. Kruger.

At the jail, Mr. Kruger began vomiting. Officer Pence took Mr. Kruger to the hospital "to have an evaluation done or to see if he could sober up." RP at 49-50.

The State charged Mr. Kruger with third degree assault. During deliberations, the jury asked for clarification: "Need clarification between intent & resisting. Need clarifications." Clerk's Papers (CP) at 4. The court responded: "The only material you are to consider consists of the testimony of the witnesses, the exhibits admitted into evidence, and the instructions of the court." CP at 4. The jury convicted Mr. Kruger as charged.

## DISCUSSION

SUFFICIENCY OF EVIDENCE

Mr. Kruger first argues that the evidence does not support a finding that he intentionally struck or touched Officer Pence or that he intended to harm him.

■ ■ Evidence is sufficient to support a conviction if, taking the evidence in the light most favorable to the State, it allows any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v.*

*Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We draw all reasonable inferences in favor of the State. *Salinas*, 119 Wn.2d at 201.

■ ■ Third degree assault requires that Mr. Kruger intentionally touch or strike Officer Pence in a harmful or offensive manner with intent to inflict bodily injury. *See* 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 35.20, 35.50 (2d ed. Supp. 1998) (WPIC). And at the time of the assault, Officer Pence must have been performing his official duties. WPIC 35.20, 35.50. The jury "resolves conflicting testimony, weighs the evidence, and draws reasonable inferences from the testimony." *State v. Lawson*, 37 Wn. App. 539, 543, 681 P.2d 867 (1984).

Viewing the evidence most favorably to the State, Mr. Kruger intentionally "head butted" Officer Pence. Mr. Kruger did not deny that the event occurred; just that if it did, it was not intentional. The jury was entitled to evaluate the parties' relative credibility. *State v. Casbeer*, 48 Wn. App. 539, 542, 740 P.2d 335 (1987). And the jury could have reasonably believed that Mr. Kruger in fact "head butted" Officer Pence and that the "head butt" was intentional.

Viewed in the light most favorable to the State, there is ample evidence to support the jury's finding that Mr. Kruger committed the crime of assault in the third degree against Officer Pence.

EFFECTIVE ASSISTANCE OF COUNSEL

■ Mr. Kruger next argues that defense counsel should have asked for a jury instruction that allowed it to determine that Mr. Kruger's drinking affected his mental ability to form the requisite intent for third degree assault. Our review is de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

■ We first determine whether the defendant was entitled to the instruction—voluntary intoxication. *See State v. King*, 24 Wn. App. 495, 501, 601 P.2d 982 (1979) (counsel

not ineffective for failing to present a defense not warranted by the facts). We next decide whether it was appropriate *not* to ask for the instruction. *See State v. McFarland*, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995) (requiring defendant to show absence of legitimate strategic or tactical rationales for challenged attorney conduct). Finally, we must decide whether he was prejudiced. *See State v. Cienfuegos*, 144 Wn.2d 222, 228-29, 25 P.3d 1011 (2001) (rejecting argument that failure to propose an instruction to which defendant was entitled under the law constitutes per se ineffective assistance of counsel).

RIGHT TO THE INSTRUCTION

■ RCW 9A.16.090 is the law at issue:

No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such mental state.

Diminished capacity from intoxication is not a true "defense." *State v. Coates*, 107 Wn.2d 882, 891-92, 735 P.2d 64 (1987). Rather, "[e]vidence of intoxication may bear upon whether the defendant acted with the requisite mental state, but the proper way to deal with the issue is to instruct the jury that it may consider evidence of the defendant's intoxication in deciding whether the defendant acted with the requisite mental state." *Id.* (citing WPIC 18.10).

■ A defendant is entitled to a voluntary intoxication instruction when (1) the crime charged includes a mental state, (2) there is substantial evidence of drinking, and (3) there is evidence that the drinking affected the defendant's ability to form the requisite intent or mental state. *State v. Gallegos*, 65 Wn. App. 230, 238, 828 P.2d 37 (1992). In other words, the evidence "must reasonably and logically connect the defendant's intoxication with the asserted inability to form the required level of culpability to commit the crime

charged." *State v. Gabryschak*, 83 Wn. App. 249, 252-53, 921 P.2d 549 (1996).

Simply showing that someone has been drinking is not enough. The evidence must show the effects of the alcohol:

> Intoxication is not an all-or-nothing proposition. A person can be intoxicated and still be able to form the requisite mental state, or he can be so intoxicated as to be unconscious. Somewhere between these two extremes of intoxication is a point on the scale at which a rational trier of fact can conclude that the State has failed to meet its burden of proof with respect to the required mental state.

*Id.* at 254 (citation omitted).

A typical voluntary intoxication instruction would read:

> No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant [acted] . . . with [intent].

WPIC 18.10, *cited with approval in Coates*, 107 Wn.2d at 892; *State v. Hackett*, 64 Wn. App. 780, 786, 827 P.2d 1013 (1992).

█ Intent is an element of assault. So a voluntary intoxication instruction may well have been warranted here. *State v. Finley*, 97 Wn. App. 129, 134-35, 982 P.2d 681 (1999); *cf. Coates*, 107 Wn.2d at 892-93 (intoxication is not a defense to the forms of third degree assault that involve mental states of only criminal negligence).

The record reflects substantial evidence of Mr. Kruger's drinking and level of intoxication. And there is ample evidence of his level of intoxication on both his mind and body, e.g., his "blackout," vomiting at the station, slurred speech, and imperviousness to pepper spray. He was entitled to the instruction.

NECESSITY FOR AN EXPERT

█ █ The State says Mr. Kruger had to supply an expert opinion on the question. But "[i]f the issue involves a matter of common knowledge about which inexperienced

persons are capable of forming a correct judgment, there is no need for expert opinion." *State v. Smissaert*, 41 Wn. App. 813, 815, 706 P.2d 647 (1985). And "[c]ertainly the effects of alcohol upon people are commonly known and all persons can be presumed to draw reasonable inferences therefrom." *Id*. So where the court gives a voluntary intoxication instruction, the defendant can argue diminished capacity without an expert. *Id*.

INEFFECTIVE ASSISTANCE TO FAIL TO ASK FOR INSTRUCTION

██ ██ The next question is whether the failure to request the instruction was ineffective assistance. A defendant has the right to effective assistance by the lawyer acting on the defendant's behalf. *State v. Adams*, 91 Wn.2d 86, 89-90, 586 P.2d 1168 (1978). *Strickland v. Washington* requires that Mr. Kruger show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

██ *Deficient Performance*. As to the first prong, the question is whether a reasonable attorney should propose an intoxication instruction under these facts. *See, e.g., State v. Glenn*, 86 Wn. App. 40, 44, 935 P.2d 679 (1997) (counsel's performance is deficient if it falls below "a minimum objective standard of reasonable attorney conduct").

Here, intent appears to be the focus of the defense. And the State does not argue otherwise. Its argument is that Mr. Kruger needed an expert to support the voluntary intoxication defense. Resp't's Br. at 9. And so we do not see how the failure to request this instruction would fit strategically or tactically in this case. Every witness testified to Mr. Kruger's level of intoxication. No one downplayed or hid Mr. Kruger's level of intoxication. And the jury expressed some confusion over the question of intent.

██ "A defendant is entitled to have his or her theory of the case submitted to the jury under appropriate instructions when the theory is supported by substantial evidence." *Finley*, 97 Wn. App. at 134. There is sufficient evidence here to permit a jury to make the required

findings. If the court had rejected a proffered voluntary intoxication instruction, reversal would have been in order. *State v. Rice*, 102 Wn.2d 120, 683 P.2d 199 (1984); *Hackett*, 64 Wn. App. at 787. Counsel should have asked for the instruction here.

*Prejudice*. The second *Strickland* prong requires proof that " 'defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different.' " *In re Pers. Restraint of Hutchinson*, 147 Wn.2d 197, 206, 53 P.3d 17 (2002) (quoting *McFarland*, 127 Wn.2d at 334-35).

Here, the jury was instructed on the elements of third degree assault, including intent.[1] And Mr. Kruger's intoxication was brought to the jury's attention. But, it "was not instructed that intoxication could be considered in determining whether the defendant[] acted with the mental state essential to commit the crime" of third degree assault. *Rice*, 102 Wn.2d at 123. In *Rice*, the court held that even where there was testimony from which the jury could infer the absence of intent due to the defendant's intoxication, the court erred by not giving an intoxication instruction. This is because "the jury, without the requested instruction, was not correctly apprised of the law, and defendants' attorneys were unable to effectively argue their theory of an intoxication defense." *Id*. The same is true here. Even if the

---

[1] On assault, the jury was instructed that:

An assault is an intentional touching or striking of another person that is harmful or offensive regardless of whether any physical injury is done to the person. A touching or striking is offensive, if the touching or striking would offend an ordinary person who is not unduly sensitive.

An assault is also an act done with intent to inflict bodily injury upon another, tending, but failing to accomplish it, and accompanied with the apparent present ability to inflict the bodily injury if not prevented. It is not necessary that bodily injury be inflicted.

An act is not an assault, if it is done with the consent of the person alleged to be assaulted.

CP at 12; *see* WPIC 35.50.

The intent instruction offered by defense counsel read: "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime." CP at 13 (based on WPIC 10.01).

issue of Mr. Kruger's intoxication was before the jury, without the instruction, the defense was impotent. *See id.* (under harmless error standard, where an erroneous instruction is given on behalf of a party in whose favor a verdict is returned, prejudice is presumed).

Again, the jury was confused about intent. How then can we say that additional instruction from the court on that crucial issue would not have made a difference?

The conviction is reversed. And we remand for a new trial.

KATO, J., concurs.

BROWN, C.J. (dissenting) — I do not view this record as adequate to decide whether Daniel Kruger's counsel provided ineffective assistance. RAP 9.2(b) requires counsel to provide the necessary record for review. Mr. Kruger complains his counsel was inadequate for not raising an intoxication defense. However, this record fails to show any disagreement by Mr. Kruger with the presented trial strategy or instructions. Mr. Kruger did not except to the given instructions or propose intoxication instructions. Because closing arguments were not ordered for our review, we are left to speculate about how Mr. Kruger's drinking was argued.

If Mr. Kruger's defense theory was intoxication, I would agree instructions should have been offered and, of course, argued to the jury. We are in the dark about arguments. However, on this record, it appears Mr. Kruger's defense, a matter of choice and strategy, was not intoxication. During his direct testimony, Mr. Kruger denied he was an aggressor or acted in any way to intentionally assault Officer Joseph Pence. While admitting to some drinking and rude behavior, it appears Mr. Kruger's defense was denial and extreme preemptive violence on the part of Officer Pence in response to his rudeness. *See State v. Alires*, 92 Wn. App. 931, 938, 966 P.2d 935 (1998) (conduct properly character-

ized as legitimate trial strategy or tactics cannot serve as a basis for a claim of ineffective assistance of counsel).

The jury rejected Mr. Kruger's police brutality evidence. But, this rejection does not, in hindsight, equate to deficient performance by Mr. Kruger's trial counsel. Rather, we are confronted with a failed trial strategy that depended upon Mr. Kruger's credibility and ability to accurately perceive and recall a different version of the events than offered by the State. Emphasizing Mr. Kruger's intoxication would have been inconsistent with this defense strategy. Consistently, Mr. Kruger minimized his intoxication during his testimony. Naturally, the State's tactic in Mr. Kruger's cross-examination was to challenge his credibility and suggest extreme intoxication to denigrate Mr. Kruger's ability to know and recollect the events he described. Significantly, the State, not Mr. Kruger, stressed his extreme intoxication.

In sum, Mr. Kruger's trial strategy allowed the jury to consider routine issues of witness credibility and evidence weight. Suggesting extreme intoxication would have been inconsistent with Mr. Kruger's chosen defense and was raised first by the State. This record does not support Mr. Kruger's claim of ineffective counsel simply because a better trial strategy might have been chosen based upon hindsight wisdom. In my view, failed strategic or tactical decisions are inadequate to support a claim of prejudice from deficient performance of counsel. Further, deficient performance does not naturally flow from lack of wisdom in choosing a legitimate trial strategy. Mr. Kruger provides no record of disagreement with the chosen trial strategy, a strategy exemplified by his own testimony. On this record I would affirm.

Accordingly, I respectfully dissent.

*Review denied at 150 Wn.2d 1024 (2003).*