# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52574-7-II |
| Respondent, | |
| v. | |
| CLARA FRANCES CHRISTENSEN, AKA CLARA MARSHALL, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Clara F. Christensen appeals her conviction and sentence for hit and run injury. Christensen argues that (1) her trial counsel was ineffective for failing to propose a jury instruction on the necessity defense and (2) the imposed criminal filing fee should be stricken.

We do not reach the merits on Christensen's ineffective assistance of counsel claim because it requires us to consider matters outside the appellate record, and we do not strike the criminal filing fee because Christensen was not found to be indigent under RCW 10.101.010(3)(a)-(c). Accordingly, we affirm Christensen's conviction and sentence.

## FACTS

On September 10, 2017, Clara Christensen was driving her sister, Donna Rankins, to their mother's residence.  The sisters got into an argument, which turned into a physical altercation. Christensen opened the passenger door and pushed Rankins out of the car.  Rankins closed the door, but she was still tangled in the seatbelt.  Christensen started driving, not realizing that

Rankins was tangled in the seatbelt. Rankins was dragged along with the car until Christensen noticed what had happened. Christensen stopped the car and untangled Rankins. Rankins began hitting Christensen again and threatened to kill Christensen. Christensen drove away, leaving Rankins on the road.

The State charged Christensen with vehicular assault,[1] assault in the second degree,[2] and hit and run injury accident.[3] All three crimes were charged as domestic violence offenses.[4]

A.    TRIAL TESTIMONY

This case was tried to a jury. Donna Rankins testified that she was a passenger in Christensen's car when she and Christensen got into an argument. Rankins had consumed a couple of alcoholic drinks and "was buzzed." Verified Report of Proceedings (VRP) at 41. She was too intoxicated to drive. Christensen had not drunk anything.

At some point during the argument, Christensen told Rankins to get out of the car. During the argument, Rankins pushed Christensen's face away because Christensen "got in [her] face" and began punching Rankins. VRP at 43. Rankins hit Christensen a couple of times as well. Then Christensen elbowed Rankins in the nose.

Christensen drove a little more, stopped, opened the passenger door, and told Rankins to get out. Christensen "kind of pushed [Rankins] out a little bit." VRP at 48. Christensen then

---

[1]  RCW 46.61.522(1)(c)

[2]  RCW 9A.36.021(1)(a)

[3]  RCW 46.52.020(4)(b)

[4]  RCW 10.99.020

started driving away, and Rankins was dragged along with the car because she was still wearing her seatbelt. Rankins yelled for Christensen to stop. Christensen stopped and untangled Rankins from the seatbelt. Rankins had injuries to her hip, knee, elbow, and nose. Christensen did not provide any assistance with the injuries or call 911. Christensen did not provide Rankins with her name, address, insurance information, driver's license number, or any other identifying information. Instead, Christensen got back into her car and drove away and never returned.

Christensen testified as follows: Earlier in the day, Rankins had been drinking. She always drank hard liquor. At the time of the incident, Christensen was driving Rankins to their mother's place when Rankins began "ranting and raving" about a fight she had with her boyfriend. VRP at 240. Christensen and Rankins got into an argument, which turned physical. Christensen stopped the car and twice told Rankins to get out of the car, but Rankins refused to get out.

Christensen reached over and took Rankins's seatbelt off and opened the passenger door. Christensen nudged her to get out. Rankins swung a punch at Christensen, lost her balance, and fell out of the car. Rankins continued to hang onto the seatbelt as she fell out. Rankins shut the door, and Christensen started driving. Christensen heard Rankins call her name. Christensen stopped the car, jumped out, and saw Rankins pinned up against the door. Rankins had been dragged with the car. Christensen had no idea.

Christensen helped get Rankins out of the seatbelt. There was not a drop of blood on Rankins, and her clothes were not torn.

Christensen wanted to go the six blocks to her mother's place and get her nephew to help with Rankins. Ten days later, Christensen's friend, with whom Christensen was living, told her

the police had come looking for her. Christensen went to the Vancouver police station to talk to the police.

Glenn Pavelko, a police officer for the City of La Center, testified as to his observations of Rankins' injuries after the incident and the efforts to locate Christensen, which were unsuccessful. Max Olson, a firefighter paramedic for Clark County Fire District 6, testified about his report summarizing Rankins' statements as to what happened to her. And Rhonda Michelle Britt, a registered nurse in the Legacy Salmon Creek emergency department, testified about the injuries Rankins presented within the emergency room. Finally, Aubrey Jade Slaughter, a radiologist at Vancouver Radiologists, testified that Rankins' CT scan of the facial bones showed that Rankins had a broken nose, which was consistent with blunt force trauma.

B.      JURY INSTRUCTIONS AND CLOSING ARGUMENT

        1.      Jury Instruction

The trial court provided, in relevant part, the following jury instruction for the hit and run injury charge:

> To convict the defendant of Hit and Run Injury, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on, about, or between September 10, 2017 and September 11, 2017, the defendant was the driver of a vehicle;
> (2) That the defendant's vehicle was involved in an accident resulting in injury to any person, to wit: Donna Kay Rankins;
> (3) That the defendant knew that she had been involved in an accident;
> (4) That the defendant failed to satisfy her obligation to fulfill all of the following duties:
> (a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible;
> (b) Immediately return to and remain at the scene of the accident until all duties are fulfilled;

(c) Give her name, address, insurance company, insurance policy number and vehicle license number, and exhibit her driver's license, to any person struck or injured;

(d) Render to any person injured in the accident reasonable assistance, including the carrying or making of arrangements for the carrying of such person to a physician or hospital for medical treatment if it is apparent that such treatment is necessary or such carrying is requested by the injured person or on her behalf.

Clerk's Papers (CP) 37.

2. Closing Argument

During closing arguments, Christensen's counsel argued that Christensen did not know she was involved in an accident because she did not know that Rankins was tangled in a seatbelt. Christensen's counsel also argued that Christensen did not need to remain at the scene to provide her information because Rankins already knew Christensen's name. And Christensen's counsel argued that Christensen did not need to provide reasonable assistance because Rankins was within walking distance of her mother's house and could walk there.

C. VERDICT AND SENTENCING

The jury found Christensen not guilty of vehicular assault and second degree assault, but the jury found Christensen guilty of hit and run injury. The jury answered "Yes" on the special verdict form which asked, "Were CLARA FRANCES CHRISTENSEN and DONNA KAY RANKINS members of the same family or household?" CP at 46. Christensen was sentenced to four months of confinement.

At the sentencing hearing, the trial court found Christensen currently indigent and stated, "you may have the ability to pay in the future but I'll only order the mandatory minimum because the restitution may be greater than normal." VRP at 375. In the Judgment and Sentence, the trial court checked the box stating:

5

> The defendant is not "indigent" as defined in RCW 10.101.010(3)(a)-(c) and therefore the court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources, the nature of the burden that payment of costs will impose, and the likelihood that the defendant's status will change. The court finds:
>
> . . . .
>
> That the defendant does not presently have the ability to pay, but is anticipated to be able to pay financial obligations in the future. RCW 10.01.160.

CP at 49. The trial court ordered Christensen to pay a $500 victim assessment fee and a $200 criminal filing fee. The trial court found Christensen indigent for the purposes of the appeal.

Christensen appeals.

## ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Christensen argues that her trial counsel was ineffective for "failing to propose a jury instruction on the defense of necessity to the hit and run charge." Br. of App. at 6 (capitalization omitted). Because the appellate record is devoid of any information relating to defense counsel's trial strategy with regard to a necessity defense, we do not reach the merits of this challenge.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We strongly presume that defense counsel's performance was not deficient. *State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012). A defendant may overcome this presumption by showing that "'there is no conceivable legitimate tactic explaining counsel's performance.'" *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d. 80 (2004)), *cert. denied*, 574 U.S. 860 (2014). The defendant must show in the record the absence of

a legitimate strategic or tactical reason to support the challenged conduct by counsel. *McFarland*, 127 Wn.2d at 336. We will not consider matters outside the record on direct appeal. *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018). Thus, if, "'a defendant wishes to raise issues on appeal that require evidence or facts not in the existing trial record, the appropriate means of doing so is through a personal restraint petition, which may be filed [and heard] concurrently with the direct appeal.'" *Id.* (quoting *McFarland*, 127 Wn.2d at 335).

To establish ineffective assistance based on counsel's failure to request a jury instruction, the defendant must show that she was entitled to the instruction, counsel was deficient in failing to request it, and failure to request the instruction caused prejudice. *State v. Johnston,* 143 Wn. App. 1, 21, 177 P.3d 1127 (2007); *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Where counsel has no strategic reason for failing to request jury instructions on a defense theory and prejudice results, Washington courts have held counsel to be ineffective. *See, e.g., State v. Powell,* 150 Wn. App. 139, 155, 206 P.3d 703 (2009); *State v. Kruger,* 116 Wn. App. 685, 693–94, 67 P.3d 1147, *review denied*, 150 Wn.2d 1024 (2003).

Here, there is no evidence in the record about defense counsel's strategic or tactical decisions in not requesting a jury instruction on the defense of necessity. Thus, review of this issue would require considering matters outside the appellate record on direct review. We do not consider matters outside the record on direct appeal. *Linville*, 191 Wn.2d at 525. Therefore, we do not reach the merits of Christensen's ineffective assistance of counsel challenge. Christensen's challenge is more appropriately raised in a personal restraint petition. *Id.*

B.   CRIMINAL FILING FEE

Christensen argues that the criminal filing fee should be stricken because Christensen is indigent.  The State concedes that the imposed criminal filing fee should be stricken.  We disagree.

Legislative amendments to the LFO statutes in 2018 prohibit sentencing courts from imposing a criminal filing fee on defendants who are indigent as defined in RCW 10.101.010(3)(a)-(c).  RCW 36.18.020(2)(h); *State v. Ramirez*, 191 Wn.2d 732, 746-47, 426 P.3d 714 (2018).  Our Supreme Court has held that the amendments apply prospectively, and are applicable to cases pending on direct review and not final when the amendment was enacted.  *Id.*

RCW 10.101.010(3) defines "indigent" as:

a person who, at any stage of a court proceeding, is:

(a) Receiving one of the following types of public assistance: Temporary assistance for needy families, aged, blind, or disabled assistance benefits, medical care services under RCW 74.09.035, pregnant women assistance benefits, poverty-related veterans' benefits, food stamps or food stamp benefits transferred electronically, refugee resettlement benefits, medicaid, or supplemental security income; or
(b) Involuntarily committed to a public mental health facility; or
(c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level; or
(d) Unable to pay the anticipated cost of counsel for the matter before the court because his or her available funds are insufficient to pay any amount for the retention of counsel.

Here, the trial court was consistent in both its oral ruling and written judgment and sentence in finding Christensen indigent under RCW 10.101.010(d)—she is currently indigent but able to pay financial obligations in the future.  In its oral ruling, the trial court stated it would only order the mandatory minimum.  The trial court imposed the $200 criminal filing fee in the judgment and sentence, which states that the fee is "mandatory, however waived if Court found defendant to be

8

indigent pursuant to RCW 10.101.010(3)(a)-(c)." CP at 52 (emphasis omitted). And the court checked the box in the judgment and sentence that stated, "The defendant is not 'indigent' as defined in RCW 10.101.010(3)(a)-(c)." CP at 49. Because the trial court expressly found that Christensen was indigent under RCW 10.101.010(3)(d) and not as defined in RCW 10.101.010(3)(a)-(c), we do not accept the State's concession and affirm the imposition of the criminal filing fee.

We affirm Christensen's conviction and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                              , C.J.
                                                    Lee, C.J.

We concur:


Worswick, J.


Sutton, J.