IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37196-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ANDREY N. ROMASHEVSKIY, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Andrey Romashevskiy appeals his conviction for burglary in the second degree. He argues his trial counsel was ineffective for not requesting a voluntary intoxication instruction. We disagree and affirm.

## FACTS

In June 2019, Andrey Romashevskiy entered a Walmart store in Colville, Washington. While in the store, he took keys from the automotive section, breast enhancements, makeup, and two sets of headphones. He placed the items in his cargo pockets and left the store without paying for them. Romashevskiy was able to leave the store undetected because he had removed security devices attached to the headphones.

Walmart's loss prevention agents noticed missing inventory in the areas where Romashevskiy had been. The agents reviewed surveillance video and identified Romashevskiy, who had been trespassed from the store multiple times.

Colville Police Officer Adam Kowal responded to Walmart's call, learned that Romashevskiy had stolen multiple items, and viewed security video. He left the store and soon found Romashevskiy. In a search incident to arrest, Officer Kowal found the stolen items in Romashevskiy's cargo pockets. Officer Kowal advised Romashevskiy he was under arrest for theft from Walmart. While being driven to jail, Romashevskiy asked Officer Kowal to write him a ticket for theft and to let him go so he could get drug treatment.

The State charged Romashevskiy with one count of burglary in the second degree. The case proceeded to a jury trial. The State presented surveillance video and testimony from a Walmart loss prevention agent and Officer Kowal.

Romashevskiy testified in his defense. He testified he did not remember being in Walmart that day and "it was kind of a blur" because he was high on heroin and methamphetamine. Report of Proceedings (RP) at 103. When defense counsel asked how those drugs impact Romashevskiy's memory, he answered, "I'm not myself, I guess." RP at 105. When asked whether he remembered taking the headphones,

2

Romashevskiy said: "To be honest I was not in—right state of mind." RP at 106. On cross-examination, Romashevskiy said he had "no idea" what he was going to do with the merchandise he stole that day. RP at 110.

The court read and provided the jury its instructions on the law, which did not include a voluntary intoxication instruction.

Defense counsel's closing argument emphasized that people under the influence of methamphetamine and opioids do not think logically. He reminded the jury that Romashevskiy could not remember stealing the items and argued his client lacked the intent to commit burglary. The jury disagreed and found Romashevskiy guilty.

Romashevskiy timely appealed to this court.

## ANALYSIS

Romashevskiy contends he received ineffective assistance of counsel because his trial attorney did not request a voluntary intoxication instruction. We disagree.

"[T]he Sixth Amendment [to the United States Constitution] right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). An ineffective assistance of counsel claim presents a mixed question of law and fact that this court reviews de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). A

defendant carries the burden of demonstrating ineffective assistance of counsel, and must show (1) trial counsel's performance was deficient and (2) that deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 687.

"Effective assistance of counsel includes a request for pertinent instructions which the evidence supports." *State v. Kruger*, 116 Wn. App. 685, 688, 67 P.3d 1147 (2003). Counsel's failure to propose an instruction to which a defendant is legally entitled does not constitute per se ineffective assistance; rather, we look to the facts of each case. *State v. Cienfuegos*, 144 Wn.2d 222, 228-29, 25 P.3d 1011 (2001). Those asserting ineffective assistance of counsel for failing to request a voluntary intoxication instruction must establish they were entitled to the instruction, not requesting it was inappropriate, and they were prejudiced. *Kruger*, 116 Wn. App. at 690-91.

### *Romashevskiy was not entitled to the instruction*

A defendant is entitled to a voluntary intoxication instruction when: (1) the charged offense has a particular mens rea, (2) there is evidence the defendant was intoxicated, and (3) there is evidence the intoxication affected the defendant's ability to form the required mens rea. *State v. Webb*, 162 Wn. App. 195, 209, 252 P.3d 424 (2011). "'[T]he evidence must reasonably and logically connect the defendant's intoxication with the asserted inability to form the required level of culpability to commit the crime

4

charged.'"  *Id.* at 210 (quoting *State v. Gabryschak*, 83 Wn. App. 249, 252-53, 921 P.2d

549 (1996)).  A person can be intoxicated yet still able to form the requisite mens rea to

commit certain crimes.  *State v. Classen*, 4 Wn. App. 2d 520, 537, 422 P.3d 489 (2018).

Romashevskiy did not present evidence that he was sufficiently intoxicated to

warrant the instruction.  Romashevskiy removed the security devices from both sets of

headphones before leaving Walmart, allowing him to leave the store undetected.  This

shows he knew what he was doing was wrong when he did it.  Also, not long after,

Romashevskiy asked Officer Kowal to issue him a ticket for theft and to let him go so he

could get drug treatment.  This shows he knew what he did was wrong shortly after doing

it.  Romashevskiy's lack of memory *at trial* was insufficient to warrant a voluntary

intoxication instruction.

> ### *It was appropriate not to request the instruction*

When counsel's conduct can be characterized as a legitimate trial tactic,

performance is presumed effective.  *State v. Carson*, 184 Wn.2d 207, 218, 357 P.3d 1064

(2015).  This presumption may be overcome if the defendant establishes "'there is no

conceivable legitimate tactic explaining counsel's performance.'"  *Id.* (internal quotation

marks omitted) (quoting *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011)).  Our

scrutiny of counsel's performance is highly deferential, as "it is all too easy for a court,

examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689.

Had defense counsel requested an involuntary intoxication instruction, the jury would have been advised:

> No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant [acted] . . . with [intent].

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 18.10, at 297 (4th ed. 2016) (first alteration in original).

Not requesting the instruction was appropriate. Defense counsel's closing argument permitted a sympathetic jury to find Romashevskiy not guilty because he could not remember his actions. The first sentence of the above instruction would have made this argument more difficult.

We conclude that Romashevskiy did not receive ineffective assistance of counsel. He was not entitled to a voluntary intoxication defense and it was appropriate for defense counsel not to request it.

No. 37196-4-III
*State v. Romashevskiy*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.

7