# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57686-4-II |
| Respondent, | |
| v. | |
| ROBERT BLAIN MCBRIDE, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Robert B. McBride appeals his arson in the second degree conviction. He contends that his defense counsel provided ineffective assistance of counsel by failing to request a voluntary intoxication jury instruction. He further contends that the victim penalty assessment (VPA) should be stricken from his judgment and sentence. We affirm McBride's conviction. However, we remand the matter to the trial court with instructions to strike the VPA.

## FACTS

McBride's stepfather, Loren Richards, agreed to let McBride sleep at his home for the night. McBride's sister dropped him off in the early morning hours. The three visited for a bit before McBride's sister left. Neither McBride's sister nor his stepfather testified that McBride was intoxicated or acting strangely during this time.

Later that morning, Richards's landlord woke him up to inform him that a truck on his property was on fire. McBride was gone when Richards woke up.

Grays Harbor County Sheriff's Deputy Edward Welter responded to investigate the fire. Welter found a baseball cap near the truck that was identified as something McBride had been

wearing the night before. Welter used a canine unit to do an evidence track. The dog tracked an odor from the scene of the fire, through the woods toward State Route (SR) 108.

Two United States Coast Guard Seamen were traveling on SR 108 when they observed a man "acting crazy." Rep. of Proc. (RP) (Sept. 20, 2022) at 74. They reported that a man had jumped on the hood of their car and tried to light it on fire. Police arrived and found McBride inside the vehicle. The dog track ended approximately a quarter mile from the vehicle.

Police arrested McBride. Welter spoke to McBride at the jail the following day. McBride admitted to lighting the truck on fire, but claimed he did it because he saw "ghosts" and thought "Satan was coming." Ex. 25, at 3:58, 4:47. McBride also stated that he was "f***ed up on the fentanyl." Ex. 25, at 7:15.

The State charged McBride with arson in the second degree and assault in the second degree.

At trial, one of the Coast Guard Seaman testified that when officers arrived McBride was "coming in and out of consciousness." RP (Sept. 20, 2022) at 77. He said officers attempted to administer anti-overdose medication because McBride was claiming he had taken a large dose of fentanyl. The seaman testified that McBride continued to be agitated and that it ultimately took two deputies, a seaman, and a taser to finally subdue him.

Grays Harbor County Sheriff's Sergeant Richard Ramirez also testified for the State. He testified that when he arrived at the scene, McBride appeared to be in distress. He was hyperventilating, screaming, and crying. Ramirez thought he also passed out but then came back. Ramirez testified that McBride told him that he had ingested an ounce of fentanyl.

At trial, there was no evidence about the possible effects of fentanyl use on McBride's ability to form the requisite mens rea for arson. There was also no evidence of medical confirmation that McBride ingested fentanyl.

The jury found McBride not guilty of the assault charge but guilty of the arson in the second degree charge. The trial court found McBride indigent for the purposes of sentencing ,but imposed a $500 VPA.

McBride appeals.

## ANALYSIS

I.    INEFFECTIVE ASSISTANCE OF COUNSEL

McBride argues that he was denied effective assistance of counsel because defense counsel did not request a voluntary intoxication jury instruction. We disagree.

We review claims of ineffective assistance of counsel de novo. *State v. Vazquez*, 198 Wn.2d 239, 249, 494 P.3d 424 (2021). To establish ineffective assistance of counsel, a defendant must show that their attorney's performance was deficient and prejudicial. *Id*. at 247-48. An ineffective assistance of counsel claim fails if the defendant fails to establish either deficient performance or prejudice. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

There is a strong presumption that counsel is effective. *Vazquez*, 198 Wn.2d at 247. "The defendant has the burden to show that defense counsel's performance was deficient based on the trial court record." *Id*. at 248. "Specifically, 'the defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel.'" *Id*. at 248 (quoting *State v. McFarland*, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995)). The relevant question is whether defense counsel's strategic choices were reasonable. *Id.* at 255. Where the claim of ineffective assistance of counsel is based on defense counsel's failure to request a

particular jury instruction, the defendant must first show he was entitled to the instruction. *State v. Thompson*, 169 Wn. App. 436, 495, 290 P.3d 996 (2012).

RCW 9A.16.090 provides:

> No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his or her condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular species or degree of crime, the fact of his or her intoxication may be taken into consideration in determining such mental state.

A defendant is entitled to a voluntary intoxication instruction when "(1) the charged offense has a particular mens rea, (2) there is substantial evidence the defendant was drinking and/or using drugs, and (3) there is evidence the drinking or drug use affected the defendant's ability to acquire the required mental state." *State v. Webb*, 162 Wn. App. 195, 209, 252 P.3d 424 (2011). To be guilty of arson in the second degree a person must "knowingly and maliciously causes a fire or explosion which damages [an] . . . automobile." RCW 9A.48.030(1). Because arson in the second degree requires a particular mental state, the first element is met so only the second and third elements are in dispute.

We begin with the third element because it is dispositive. The defendant must show more than he or she consumed alcohol or drugs; the defendant must establish the effect of the drugs or alcohol to establish the level of intoxication. *State v. Kruger*, 116 Wn. App. 685, 692, 67 P.3d 1147 (2003). There must be substantial evidence of the level of intoxication and its effect on the defendant's body and mind. *Id.* at 692. "'[T]he evidence 'must reasonably and logically connect the defendant's intoxication with the asserted inability to form the required level of culpability to commit the crime charged.'" *Id.* at 691-92 (quoting *State v. Gabryschak*, 83 Wn. App. 249, 252-53, 921 P.2d 549 (1996)). A person can be intoxicated yet still be able to form the requisite mens rea to commit certain crimes. *State v. Classen*, 4 Wn. App. 2d 520, 537, 422 P.3d 489 (2018).

While there was testimony that McBride claimed to have burned the truck to stop imaginary beings, that he passed out, and that he was difficult to subdue, there was no evidence that fentanyl use causes this behavior or that fentanyl use would negate McBride's ability to form the required mental state for arson in the second degree. Therefore, there was not substantial evidence establishing a reasonable and logical connection between McBride's ingestion of fentanyl and the inability to form intent. Accordingly, he has not shown that he was entitled to a voluntary intoxication jury instruction, which is required to establish deficient performance. *Thompson*, 169 Wn. App. at 495.

Based on the above, McBride fails to show that his defense counsel was deficient for failing to request a voluntary intoxication jury instruction. Accordingly, his ineffective assistance of counsel claim fails. *Grier*, 171 Wn.2d at 33.

II.     IMPOSITION OF VPA

McBride argues, and the State concedes, that the $500 VPA should be stricken under the recent statutory amendment. We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). Although these amendments took effect after McBride's sentencing, it applies to cases pending on appeal. *Id*.

RCW 10.01.160(3) states that a defendant is indigent if they meet the criteria in RCW 10.101.010(3)(a) through (c). The trial court found that McBride was indigent as defined in RCW 10.101.010(3)(a)-(c). Therefore, the $500 VPA must be stricken from McBride's judgment and sentence.

CONCLUSION

Defense counsel did not render ineffective assistance of counsel when it did not request a voluntary intoxication jury instruction. Therefore, we affirm McBride's arson in the second degree conviction. But we remand for the trial court to strike the $500 VPA from McBride's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur:

_____
Glasgow, J.

_____
Che, J.